Sally S. Kim (OSB # 122253)
sallykim@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5147
Facsimile: (206) 689-2822

*Attorneys for Plaintiff/Stakeholder*
*Principal Life Insurance Company*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Stakeholder,<br><br> v.<br><br>THE ESTATE OF MATTHEW CLARENCE STEWART, MAKAYLA STEWART, PRESTON STEWART, and BRITTANY KATHLEEN ANSTINE,<br><br>    Defendants/Claimants. | Case No.<br><br>**PRINCIPAL LIFE INSURANCE COMPANY'S COMPLAINT FOR INTERPLEADER AND REQUEST TO INTERPLEAD FUNDS** |

  Plaintiff/Stakeholder Principal Life Insurance Company, by its undersigned counsel, for its Complaint for Interpleader and Other Equitable and Declaratory Relief pursuant to 28 U.S.C. §1335 against Defendants/Claimants Makayla Stewart, Preston Stewart, and Brittany Kathleen Anstine (collectively "Claimants") states as follows:

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 1 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## INTRODUCTION

1. This is an action in interpleader by Plaintiff/Stakeholder Principal Life Insurance Company ("Principal") pursuant to 28 U.S.C. §1335 for a discharge of Principal liability with respect to life insurance benefits due as a result of the death of Matthew Clarence Stewart ("Decedent").

## PARTIES

2. Plaintiff/Stakeholder Principal is an insurance company organized and existing under the laws of the State of Iowa, with its principal place of business located at 711 High Street, Des Moines, Iowa 50392-0410.

3. Defendant/Claimant, the Estate of Matthew Clarence Stewart, represents all the possessions of the Decedent, who has died and is subject to probate or similar administration supervised by the Probate Department of Clackamas County Circuit Court for distribution to heirs and beneficiaries.

4. Defendant/Claimant Makayla Stewart ("Makayla") is the minor daughter of the Decedent, and, upon information and belief, is a citizen and domiciled in Clackamas County in the State of Oregon.

5. Defendant/Claimant Preston Stewart ("Preston") is the minor son of the Decedent, and upon information and belief, is a citizen and domiciled in Clackamas County in the State of Oregon.

6. Defendant/Claimant Brittany Kathleen Anstine ("Ms. Anstine") is the former spouse of the Decedent and Administrator of Decedent's Estate, and upon information and belief, is a citizen of Clackamas County in the State of Oregon. Ms. Anstine is the mother of Preston and Makayla and became their sole guardian upon Decedent's death.

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 2 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

**JURISDICTION AND VENUE**

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1335 in that there are two or more claimants of diverse citizenship and the life insurance benefits at issue are in an amount in excess of $500.00.

8. Venue is proper in this jurisdiction and division pursuant to 28 U.S.C. §1397 because at least one of the claimants resides within this jurisdiction.

**FACTS**

9. On or about September 18, 2013, Principal issued a life insurance policy to Decedent with Policy No. 4751596 ("Policy"), whereby Principal promised to pay the designated beneficiary the sum of $2,000,463.00 on the death of Decedent. A true and correct copy of the life insurance Policy, which sets forth the terms of life insurance coverage for the Policy, is attached hereto as **Exhibit A.**

10. The Policy provides for the right of the insured to name his beneficiary, and states that life insurance benefits will be paid to the beneficiary if the insured dies while he is insured under the Policy.

11. At the time Principal issued the Policy, Decedent was married to Ms. Anstine, whom he designated as the primary beneficiary on the Life Insurance Application. Decedent also listed his Estate as the contingent beneficiary of the Policy. A true and correct copy of the Life Insurance Application ("Application") is attached hereto as **Exhibit B.**

12. Pursuant to the terms of an Agreement dated February 5, 2019 (the "Divorce Agreement"), the Deceased and his then-spouse, Ms. Anstine, dissolved their marriage. True and correct copies of the Divorce Agreement and the subsequent Divorce Judgment issued by the Court are attached hereto as **Exhibit C and D**, respectively.

13. The Divorce Judgment states, in pertinent part:

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 3 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

> 1.3 **Beneficiary Revocation.** Except as otherwise provided herein, any designation of the now former spouse as a beneficiary of any benefit, including… life insurance policies… or other assets where a party is able to designate a beneficiary to receive the proceeds of that asset upon the death of that party, that was in place on or before the date of this judgment, shall be deemed to have been revoked. The benefit shall be paid to the secondary or contingent beneficiary or, if no beneficiary is named, then to the decedent's estate. The surviving former spouse shall cooperate with the decedent's estate in assuring this directive is completed, specifically including the affirmative responsibility to disclaim, in writing, and within nine months of the date of death to assure that the surviving former spouse does not receive any benefit as a result of the decedent's failure to modify the beneficiary designation of the above-described assets.

14. However, the Divorce Judgment goes on to contradict the aforesaid revocation provision with the following:

> 3.7 **Life Insurance for Child Support**. Father maintain a life insurance policy in an amount equal to $250,000 naming Mother as trustee with the children as beneficiaries, to be maintained so long as Father has a child support obligation including arrearage.
>
> 4.1 **Life Insurance for Spousal Support.** Father shall maintain his life insurance policy in an amount equal to the amount of spousal support remaining owed to Mother including arrearage, approximately $500,000 at the time of this general judgment, naming Mother as primary beneficiary so long as Father owes spousal support or has any spousal support arrearage. The amount of the required insurance policy shall be recalculated each year.

Furthermore, the Divorce Agreement states, in pertinent part:

> 18. **Life Insurance**. Father shall continue to maintain his life insurance policy equal to the amount of spousal support remaining owed including any arrearage (we will calculate this amount on a yearly basis for the general judgment) naming Mother as beneficiary so long as he owes child or spousal support or has any spousal support arrearage. In addition, Father shall maintain a life insurance policy insuring his life naming Wife as trustee with the children as beneficiary in the amount of $250,000 so long as he has a child support obligation including any arrearage.

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 4 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

15.    Under Oregon law, a dissolution of marriage may revoke a beneficiary designation if the terms of the life insurance policy allow. ORS §107.121. The terms of the Policy at issue allow for the revocation of a beneficiary by providing Principal notice of such revocation "via any form of communication." *See* Exhibit A.

16.    Principal has no record of Decedent providing notice of the revocation of Ms. Anstine as the beneficiary to the Policy as agreed upon in the Divorce Agreement and Judgment. As such, Ms. Anstine is still listed as the primary beneficiary of the Policy.

17.    Decedent died on May 15, 2024. A true and correct copy of Decedent's death certificate is attached hereto as **Exhibit E.**

18.    Upon information and belief, Decedent passed away without a last will and testament, with his two minor children as his direct surviving heirs.

19.    On or about May 24, 2024, Principal received a Letter of Administration, filed with the Clackamas County Circuit Court, which names Ms. Anstine as the Administrator of the Decedent. A true and correct copy of the Letter of Administration is attached hereto as **Exhibit F.**

20.    Upon Decedent's death, the Policy Benefits became payable to the proper beneficiary or beneficiaries pursuant to the terms of the Policy. Principal does not dispute that the Policy Benefits are owed, but is unable to disburse the Policy Benefits given the conflicting effects of the aforementioned instruments.

## COUNT I - INTERPLEADER RELIEF

21.    Principal restates, re-alleges and incorporates its preceding allegations as if fully set forth herein.

22.    The terms of the Policy require Principal to pay the Policy Benefits to the beneficiary of record designated at the time of Decedent's death. As set forth above, Principal has been presented with conflicting claims to the Policy Benefits. The instruments from Ms. Anstine

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 5 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

and Decedent's divorce point to revocation of Ms. Anstine as the primary beneficiary. However, Principal's lack of notice of such revocation give potential effect to Ms. Anstine being the beneficiary of the Policy and Decedent's Estate as the contingent beneficiary. However, the potential conflict of interest Ms. Anstine may have as the Administrator of Decedent's Estate adds further uncertainty to the situation.

23. Principal is unable to determine which of the Claimant(s) is entitled to the Policy Benefits and is unable to pay out the Policy Benefits without the risk of double liability. Principal files this Complaint-in-Interpleader in good faith and without any collusion with any of the parties hereto. Principal claims no interest in the Policy Benefits (except to recover its attorneys' fees and costs of this action) and is merely a disinterested stakeholder in the action. Principal admits its liability to pay the Policy Benefits and will deposit the Policy Benefits plus any applicable interest with the Court in connection with these proceedings for disbursement in accordance with the judgment of this Court.

24. Principal is an innocent and disinterested stakeholder, and as such, should not be compelled to become involved and to have to determine to whom the Policy Benefits are payable.

25. Principal is, and always has been, ready, able, and willing to pay the Policy Benefits to the person(s) who may be lawfully entitled to receive them. However, Principal is unable to determine who is entitled to receive these funds without being subject to the real and reasonable potential of multiple liabilities as a result of the conflicting instruments described above.

26. Principal has incurred, and will continue to incur, attorneys' fees and costs in connection with this interpleader action and will seek to recover those fees from the stake at issue.

**PRAYER FOR RELIEF**

WHEREFORE, Principal prays for judgment against Claimants, and each of them, as follows:

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 6 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1. That this Court grant leave to Principal to deposit the Policy Benefits in the amount of $2,000.463.00 due under the Policy into the registry of this Court, until the issue of entitlement to the Policy Benefits is adjudicated;

2. That Defendants/Claimants, and each of them, be required to interplead and litigate or settle amongst themselves their claims to the Policy Benefits at issue;

3. That this Court enter an order setting forth the proper recipient(s) of the Policy Benefits, including any assignees;

4. That the Court enter an order restraining and enjoining Defendants/Claimants from instituting any action or proceeding in any state or federal court against Principal, the Policy or its agents for the recovery of the Policy Benefits, plus any applicable interest, by reason of the death of Decedent;

5. That, if the Court deems it necessary, assign an independent guardian ad litem to represent the interests of the Decedent's minor children;

6. That Principal be discharged of all liability with respect to the Policy and the Policy Benefits due thereunder as a result of Decedent's death and be dismissed from the action;

7. That Principal be awarded its attorneys' fees and costs, paid out of the stake to be deposited with the Court;

8. That Principal be awarded such other and further relief as this Court deems just, equitable, and proper.

Dated: September 25, 2024                    GORDON REES SCULLY
                                             MANSUKHANI, LLP


                                             By: _s/Sally S. Kim_____
                                                   Sally S. Kim (OSB # 122253)
                                             Attorneys for: Plaintiff/Stakeholder
                                             Principal Life Insurance Company

PRINCIPAL LIFE INSURANCE COMPANY'S
COMPLAINT FOR INTERPLEADER AND REQUEST
TO INTERPLEAD FUNDS
Page 7 of 7
Case No.

**Gordon Rees Scully Mansukhani,** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822