**SETTLEMENT NEGOTIATIONS PURSUANT TO OEC 408/ORS 40.190**

> **Court: Clackamas County Circuit Court**
> **Stewart and Stewart**
> **Case Number: 18DR12406**

The parties (Mother and Father hereinafter) have reached a formal resolution to all issues relating the aforementioned case.  The parties further warrant that this settlement of all issues is intended to be knowing, voluntary, and binding as executed pursuant to the recommendations and advice of counsel, and that this is a binding settlement of the listed issues pursuant to case law. (Baldwin)  The parties have both had the opportunity and time to review this settlement with their attorneys.  Petitioner (Mother hereinafter) has reviewed this settlement with her attorney, Shelly K. Perkins.  Respondent (Father hereinafter) has reviewed this settlement with his attorney, Bradford Gerke.  Both parties have agreed to this settlement knowing all the rights they are giving up and fully understanding the settlement.  There were no time pressures in the signing of this settlement.

Those issues fully settled knowingly and voluntarily by the parties, not to be revisited by the court include the following.  The settlement below includes all financial issues for asset division, debt division, custody, parenting time, child support, spousal support and attorney fees and costs.  The parties warrant that there are no other debts or assets belonging to the marriage other than those listed below.  The parties intend this settlement to be binding as to all issues as follows:

**STIPULATION, DECLARATION, AGREEMENT**

By their signatures below the undersigned parties hereby acknowledge that the terms of the foregoing settlement, and that each party desires to be divorced and settle the terms contained herein without a hearing except relating to custody, parenting time, and child support. Each party acknowledges that he or she has had the opportunity or time to consult with attorney, and did so consult or knowingly chose not to consult therewith.

Both parties acknowledge that there are no time pressures for the signing of this Settlement Agreement.  By is signing this Settlement Agreement, both parties admit that they are doing this of their own free will, and without any pressure or coercion from the other party.

The full agreement of the parties resolving all issues in the pending dissolution action is as follows:

1. The parties will be divorced.

2. Husband is awarded K&M Auto business and the debts associated therewith. Husband will hold Wife harmless for any debts associated with the business and would hold Wife harmless for any tax liability associated with any prior joint return.

3. The Estacada home will be immediately listed for sale and sold. It will be listed for sale within 30 days of entry of judgment. The realtor will be selected by mutual agreement. If the parties cannot agree, the parties will each select an agent who has the sole job of conferring with the other party's selected agent to elect an agent by mutual agreement. The parties will equally pay for any improvement/repair suggest by the realtor up to $1,000 in total repairs costs. Beyond $1,000, the parties must agree. If one party pays for more of the costs than the other party, he or she shall be reimbursed from the sale proceeds. Wife shall receive the first $350,000 of the sale proceeds after the mortgage, taxes, fees, costs, and reimbursements. Husband must pay all bills associated with the home until sold. Husband shall claim 100% of the interest deductions until sold. Any additional amount over $350,000 will be split 50/50 between the parties. Husband's share will go to Wife as a credit towards the final payments of his spousal support lowering the number of payments.

4. Husband is awarded the personal property located at the Estacada home except the following which will be sold and the proceeds equally split by the parties: Boat, Excavator, horse trailer, dirtbike, dump trailer, tractor and attachments, lawn mower, RZR, Quad,. Wife shall sell all of the items in to unknown third parties in arm's length transactions or to buyers by mutual agreement of Husband. The parties shall mutually approve the transactions prior to the sale and cooperate in the sale.

5. Husband is awarded the real property located on 50th avenue, subject to a trust deed securing Mother's spousal support interest. If Husband is more than four months behind in spousal support payments, the property shall be sold and the spousal support obligation paid out in full upon sale. A trust deed shall be executed with the General Judgment.

6. Wife is awarded the Toyota Forerunner and the debt thereon. Husband is awarded the Dodge. Each party shall sign any documentation within 15 days of being presented to effectuate this award. Wife shall refinance the Forerunner or pay off the Forerunner within 60 days of entry of judgment. Wife shall make the Forerunner payments beginning February 1, 2019.

7. Wife is awarded the balance of the trust proceeds in both of Wife's attorney trust accounts, which includes the proceeds from the sale of the parties' real property at Lake Billy Chinook.

8. Wife is awarded all other debts in her name and Husband is awarded all other debts in his name. Each party shall pay Ontrack Garage Doors $2,250 upon entry judgment.

9. Each party must hold the other party harmless and indemnify the other party from the debts awarded to him or her.

10. Bank Accounts. Each party is awarded their own bank accounts. Husband is awarded the joint Keybank account and Wife will remove her name. Husband is awarded the business bank accounts.

11. Retirements. The children are awarded the Edward Jones accounts which are in Husband's name. Husband shall add Wife's name to the account, and the parties shall hold said accounts in trust for the children. Husband is awarded the Principal IRA with a balance of $23,445.72 as of December 31, 2018.

12. The parties will follow the same parenting plan that they have now with Mother having 8 overnights out of 14 and Father having 6 out of 14. The parties will alternate the holidays. The parties shall begin a 50/50 parenting plan when Preston begins 4th grade with a week on week off plan with exchanges on Sundays at 5:00 p.m. Father shall not move to modify child support as a result of the change in the parenting plan.

*See Ex 1*

13. Spousal support non-modifiable shall be $5,000 a month for 102 months beginning February 1, 2019. This support award is in lieu of any other equalizing judgment. Essentially Husband has combined the correct amount of spousal support and equalization into one monthly amount paid over 86 months. The court shall make extensive findings to make the non-modifiable spousal support binding including all of the anticipated changes of the parties that they waive.

14. Child support shall begin on February 1, 2019 and shall be based on the following factors:
    a. Husband's gross monthly income is $10,000.
    b. Wife's income is imputed to be Oregon's minimum wage at $1,733.33 per month.
    c. Husband will be credited with paying Wife $3,000 a month for 5 years of spousal support for child support purposes.
    d. No day care costs.
    e. Husband provides health care coverage for the children at $536 per month for the children and $429 per month for himself.
    f. Wife has a health insurance cost for herself for $400 per month.
    g. Father has 160 overnights and Mother has 205 overnights.

*See Ex 2*

15. Child and spousal support shall be collected through the DOJ. Father shall pay Mother support directly until the DOJ begins collection services.

16. Other expenses.

    a. The parties shall split all uninsured health expenses for the children (medical, dental, vision, orthodontic, and counseling) 60/40. Father shall pay 60% and Mother shall pay 40%. Reimbursements shall occur with 30 days of when the expenses are paid. Parties shall pay providers for his or her share directly where possible.

    b. The parties shall also split activity costs for the children 60/40 for activities that the mutually agree the children shall participate in. The parties want and agree that the children shall participate at least one activity or sport per season and will not withhold agreement to reasonable activities and sports for the children. Father shall pay 60% and Mother shall pay 40%. Reimbursements shall occur with 30 days of when the expenses are paid. Parties shall pay for his or her share directly where possible.

    c. The parties shall also split customary public/charter school fees and expenses 60/40. Father shall pay 60% and Mother shall pay 40%. Reimbursements shall occur with 30 days of when the expenses are paid. Parties shall pay for his or her share directly where possible.

17. The parties shall share joint legal custody, however the children will attend school in Mother's school district.

18. Life Insurance. Father shall continue to maintain his life insurance policy equal to the amount of ~~child and~~ spousal support remaining owed including any arrearage (we will calculate this amount on a yearly basis for the general judgment) naming Mother as beneficiary so long as he owes child or spousal support or has any spousal ~~or child~~ support arrearage. In addition, Father shall maintain a life insurance policy insuring his life naming Wife as trustee with the children as beneficiary in the amount of $250,000 so long as he has a child support obligation including any arrearage.

19. I will draft the judgment.

20. The judgment will contain substantial language to effectuate the above that is not contained in the settlement. The parties agree to allow the court by hearing with argument only settle any issues on form of judgment that the parties cannot agree upon to settle language necessary to effectuate the settlement of the parties.

21. Each party will pay his/her own attorney's costs through the date of settlement. A party may make a claim for attorney fees for those fees incurred enforcing the settlement.

## ATTORNEY CERTIFICATION

I am an attorney duly licensed to practice law in the state of Oregon. I reviewed this proposed settlement with my client.

Prepared by:                              Approved as to form:

_____                _____
Shelly K. Perkins, OSB #971687           Bradford M. Gerke, OSB #033220
Attorney for Petitioner                  Attorney for Respondent

## CLIENT CERTIFICATION

I knowingly and voluntarily sign this Settlement Agreement on my own volition, with full knowledge of the facts, and with full information as to my legal rights and liabilities. In some instances, the terms of this stipulated settlement represent a compromise of disputed issues. However, I believe the terms and conditions to be fair and reasonable under the circumstances. I have read the Settlement Agreement and agree it accurately reflects our agreement. I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to penalty for perjury.

_____                _____
Brittany Kathleen Stewart, Petitioner    Matthew Clarence Stewart, Respondent

Personally appeared before me the within named Petitioner, Brittany Kathleen Stewart, and under penalty of perjury did swear or affirm the foregoing is true and correct to the best of her knowledge and belief and acknowledged this instrument to be her voluntary act and deed this 5th day of February, 2019.

_____
Notary Public for Oregon

OFFICIAL STAMP
VENITA M MCCLAIN
NOTARY PUBLIC-OREGON
COMMISSION NO. 948217
MY COMMISSION EXPIRES MARCH 03, 2020

Personally appeared before me the within named Respondent, Matthew Clarence Stewart, and under penalty of perjury did swear or affirm the foregoing is true and correct to the best of his knowledge and belief and acknowledged this instrument to be his voluntary act and deed this 5th day of February, 2019.

_____
Notary Public for Oregon

OFFICIAL STAMP
JUNOET PEARL BEHLING
NOTARY PUBLIC-OREGON
COMMISSION NO. 964356A
MY COMMISSION EXPIRES JULY 12, 2021

**Holiday Plan:** The parties holiday plan will supersede the regularly schedule parenting plan.

1. **Easter:** The parties will always alternate Easter from 8:30 a.m. through 9:00 p.m. Mother shall have odd years and Father shall have even years.

2. **Mother's Day:** Mother will always have Mother's Day from 9:00 a.m. to 5:00 p.m.

3. **Father's Day:** Father will always have Father's Day from 9:00 a.m. to 5:00 p.m.

4. **July 4:** The parties will always alternate Independence Day from noon on July 4 through noon on July 5. Mother shall have even years and Father shall have odd years.

5. **Summer:** In summer, the parents agree to work together to plan the summer schedule to allow each parent an extended vacation of up to 14 days with the children that results in no overall loss of parenting time.

6. **Halloween:** The parties will always alternate Halloween from noon on Oct 31 or after school through noon on November 1 or start of school. Mother shall have even years and Father shall have odd years.

7. **Thanksgiving:** The parties will always alternate Thanksgiving from 8:30 a.m. through 9:00 p.m. Mother shall have odd years and Father shall have even years.

8. **Christmas Eve:** The parties will always alternate Christmas Eve from December 23 at 5:00 p.m. to December 24th at 9:00 p.m. Mother shall have odd years and Father shall have even years.

9. **Christmas Day:** The parties shall always alternate Christmas Day from December 24th at 9:00 p.m. to December 26th at 9:00 p.m. Mother shall have even years and Father shall have odd years.

All other holidays by mutual agreement. The parties may mutually agree to change this holiday schedule for any given holiday as it occurs in writing.

Ex 1

# CHILD SUPPORT WORKSHEET

OAR 137-050-0700 to 137-050-0765
oregonchildsupport.gov

## 1. INCOME

| | | *Brittney* Mother | *Matthew* Father | |
|---|---|---|---|---|
| 1a | **Income** | $ 1,733.33 | $ 10,000.00 | |
| 1b | **Additions and subtractions** | | | |
| | Add spousal support owed to the parent by anyone. | $ 3,000.00 | $ | |
| | Subtract spousal support the parent owes to anyone. | $ | $ 3,000.00 | |
| | Subtract mandatory union dues. | $ | $ | |
| | Subtract cost of the parent's own health insurance. | $ 400.00 | $ 429.00 | |
| | Income after additions and subtractions | $ 4,333.33 | $ 6,571.00 | |
| 1c | **Number of non-joint children** Enter the number of non-joint children for each parent. | 0 | 0 | |
| 1d | **Number of joint minor children** Include 18-year-olds attending high school and living with a parent. | 2 | | **total** |
| 1e | **Number of joint Children Attending School age 18 to 20** Exclude 18-year-olds attending high school and living with a parent. | 0 | | 2 |
| 1f | **Total number of children** Add the number of non-joint children (line 1c), the joint minor children (line 1d), and the joint Children Attending School (line 1e) for each parent. | 2 | 2 | |
| 1g | **Non-joint child deduction** Reference the scale using the parent's income after additions and subtractions (line 1b) and the parent's total number of children (line 1f). Divide the result by the total number of children and multiply by the number of non-joint children (line 1c). | $ 0.00 | $ 0.00 | |
| 1h | **Adjusted income** Subtract non-joint child deduction (line 1g) from income after additions and subtractions (line 1b). Add the parents' adjusted incomes and enter amount in the "total" column. If less than zero, enter $0. | $ 4,333.33 | $ 6,571.00 | **total** $ 10,904.33 |
| 1i | **Each parent's income share percentage** Each parent's adjusted income (line 1h) divided by the total. | 39.74% | 60.26% | |
| 1j | **Income available for support** Subtract the $1181 self-support reserve from each parent's adjusted income (line 1h). If less than zero, enter $0. | $ 3,152.33 | $ 5,390.00 | |

## 2. BASIC SUPPORT OBLIGATION

| 2a | **Basic support obligation (from obligation scale)** Reference the scale using the total adjusted income (line 1h) and the number of joint children (lines 1e+1d). Enter this amount in the "total" column. | | | **total** $ 1,623.00 |
|---|---|---|---|---|
| 2b | **Basic support obligation after self-support reserve** Enter the lesser of: 1) basic support obligation (line 2a) multiplied by each parent's income share percentage (line 1i); or 2) the parent's income available for support (line 1j). | *Brittney* $ 644.98 | *Matthew* $ 978.02 | |

EX 2

## 3. CHILD CARE COSTS

| | | Brittney | Matthew | caretaker |
|---|---|---|---|---|
| 3a | **Child care costs for joint children under 13 or disabled** Enter the cost in the column of the parent or caretaker paying the cost. Costs may not exceed the Department of Human Services maximum rate. | $ 0.00 | $ 0.00 | $ |
| 3b | **Income available for child care costs** Subtract each parent's basic support obligation (line 2b) from each parent's income available for support (line 1j). | $ 2,507.35 | $ 4,411.98 | |
| 3c | **Parents' shares of child care costs** Multiply each parent's income share percentage (line 1i) by the total of all child care costs (line 3a) and enter the lesser of that amount or income available for child care costs (line 3b). | $ 0.00 | $ 0.00 | |
| 3d | **Support obligation after adding child care costs** Add child care costs (line 3c) to the basic support obligation (line 2b). | $ 644.98 | $ 978.02 | |

## 4. HEALTH CARE COVERAGE

| | | Brittney | Matthew | |
|---|---|---|---|---|
| 4a | **Health care coverage costs for joint children** Enter the amount each parent pays for health insurance premiums, even if $0. Enter "none" if appropriate coverage is not available. | $ None | $ 536.00 | |
| 4b | **Income available for health care coverage** Subtract support obligation after adding child care costs (line 3d) from income available for support (line 1j). | $ 2,507.35 | $ 4,411.98 | |
| 4c | **Reasonable cost for health care coverage** Enter the lesser of each parent's income available for health care coverage (line 4b) or 4% of each parent's adjusted income (line 1h). Enter $0 if the parent's income (line 1a) is at or below Oregon's highest minimum wage. Round to the nearest dollar. Total the results under **total**. | $ 0.00 | $ 263.00 | **total** $ 263.00 |
| 4d | **Determine whose coverage is available at a reasonable cost** Compare each parent's health care coverage cost (line 4a) to the total reasonable cost amount (line 4c). Indicate by name who can provide coverage: neither parent, one parent, either parent, or both parents. Only include a parent with income at or below Oregon's highest minimum wage if that parent's coverage is available at no cost. | Matthew | | |
| 4e | **Order health care coverage at a higher amount?** Enter **"yes"** to find any available health care coverage reasonable in cost even though it exceeds the amount in line 4c. This may leave the parents with less than the self-support reserve (line 1j), but may not require a parent with income at or below Oregon's highest minimum wage to pay. Update line 4d. Otherwise, enter **"no"**. | Yes | | |
| 4f | **Who will provide health care coverage?** Select the parent(s) with coverage available at a reasonable cost (line 4d) who will provide coverage. Add the costs of the selected coverage from line 4a and enter the amount in the total column. If neither parent can provide coverage now, select "either parent when available" and enter $0. | Matthew | | **total** $ 536.00 |

| 4g | **Parents' percentage share of health care coverage costs** Divide each parent's reasonable cost for health care coverage by the total amount on line 4c. | 0.00% | 100.00% |
|----|-----------------------------------------------------------------------------------------------------------------------------------------------------|-------|---------|
| 4h | **Each parent's share of health care coverage costs** Multiply the total cost of health care coverage that will be ordered (line 4f) by each parent's percentage share of health care coverage costs (line 4g). | $ 0.00 | $ 536.00 |
| 4i | **Support obligation after adding health care coverage costs** Add the support obligation after child care costs (line 3d) to each parent's share of health care coverage costs (line 4h). | $ 644.98 | $ 1,514.02 |

## 5. CASH MEDICAL SUPPORT

|    |    | election y/n/c | |
|----|----|---------------|---|
| 5a | **Cash medical support election** Enter "y" for **yes** if no appropriate health care coverage is available (line 4f). Cash medical will be included.<br><br>Enter "n" for **no** if appropriate health care coverage is available or if a finding will be included in the order explaining why cash medical should not be included. Cash medical will be excluded.<br><br>Enter "c" for **contingent** if the obligated parent will pay cash medical support whenever the obligated parent does not provide health care coverage. Contingent cash medical will be included. | n | |
| 5b | **Cash medical support amount** If line 5a is "y", enter each parent's reasonable cost amount (line 4c).<br><br>If line 5a is "n", enter $0.<br><br>If line 5a is "c", enter each parent's reasonable cost amount (line 4c). | *Brittney*<br><br>$ 0.00 | *Matthew*<br><br>$ 0.00 |

## 6. CREDITS

|    |    | *Brittney* | *Matthew* | *caretaker Or agency* |
|----|----|-----------|----------|----------------------|
| 6a | **Average number of overnights (or equivalent)** Enter each parent's and caretaker's average number of overnights with the joint minor children. | 205 | 160 | |
| 6b | **Parenting time credit percentage** **This is not the same as the percentage of parenting time.** Determine the appropriate parenting time credit percentage as provided in OAR 137-050-0730 using the average number of overnights (line 6a). | 61.17% | 38.83% | |
| 6c | **Parenting time credit** Multiply the basic support obligation (line 2a) by the number of joint minor children (line 1d), divide by the number of joint children (lines 1d + 1e), and multiply by each parent's parenting time credit percentage (line 6b). | $ 992.79 | $ 630.21 | |

| 6d | **Child care credit**<br>Enter each parent's child care costs (line 3a). | $        0.00 | $        0.00 |
|----|----|----|----|
| 6e | **Credit for health care coverage costs**<br>If health care coverage will be provided (line 4f), enter the health care coverage costs (line 4a) for each providing parent. | $        0.00 | $      536.00 |
| 6f | **Support after credits**<br>Subtract credits (lines 6c, 6d, and 6e) from the support obligation after adding health care coverage costs (line 4i). This amount may be less than zero. | $     (347.81) | $      347.81 |

## 7. WHO SHOULD PAY SUPPORT FOR MINOR CHILDREN?

|    |    | *Brittney* | *Matthew* |
|----|----|----|----|
| 7a | **Minor children's portion of basic support obligation**<br>Divide each parent's portion of the basic support obligation (line 2b) by the total number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). | $      644.98 | $      978.02 |
| 7b | **Net obligation for minor children**<br>Add the minor children's portion of the basic support obligation (line 7a), each parent's share of child care costs (line 3c), and the minor children's portion of health care coverage costs (line 4h divided by total of lines 1d and 1e, multiplied by line 1d). Subtract parenting time credit (line 6c), child care credit (line 6d), and the minor children's portion of health care coverage costs credit (line 6e divided by total of lines 1d and 1e, multiplied by line 1d). May be less than zero. | $     (347.81) | $      347.81 |
| 7c | **Which parent(s) should pay support for minor children?**<br>Enter "**Yes**" in the column of the parent with the higher net support for minor children (line 7b). Enter "**No**" in the other parent's column. Enter "**No**" for both parents if the parents' line 7b figures are equal or there are no minor children (line 1d).<br><br>If the children live with a caretaker or are in state care, enter "**Yes**" in both columns. | No | Yes |

## 8. MINIMUM ORDER; REDUCTION FOR BENEFITS PAID TO CHILD

|    |    | *Brittney* | *Matthew* |
|----|----|----|----|
| 8a | **Total support payment obligation, including medical support**<br>To each parent's support obligation after credits (line 6f), add the greater of the health care coverage premium costs that will be ordered (line 6e) or cash medical support (line 5b). | $     (347.81) | $      883.81 |
| 8b | **Is there a need to apply an exception to the minimum order presumption?**<br>If line 8a is less than $100 and the parent has an exception to the minimum order as provided in OAR 137-050-0755, enter "yes" in that parent's column. Otherwise, enter "no." | No | No |
| 8c | **Amount needed to meet minimum order**<br>If a parent has a total support payment obligation of less than $100 (line 8a), and does not have an exception to the minimum order (line 8b), subtract line 8a from $100. This is the increase needed to reach the $100 minimum order. Otherwise, enter $0. | $      447.81 | $        0.00 |

| 8d | Cash child support obligation after minimum order<br>Add amount needed to meet minimum order (line 8c) to support after credits (line 6f). But, if the parent should not pay support for minor children (line 7c), and there are no Children Attending School (line 1e), enter $0. If less than zero, enter $0. | $    0.00 | $    347.81 |
|----|----|----|----|
| 8e | Reduction for Social Security or veterans benefits<br>Enter the amount of benefits paid to the joint child because of a parent's disability or retirement as provided in OAR 137-050-0740 in the disabled or retired parent's column. If the parent is obligated to pay support, the support obligation will be reduced by this amount. | $    0.00 | $    0.00 |
| 8f | Cash child support after Social Security or veterans benefits<br>From cash child support after minimum order (line 8d), subtract reduction for Social Security or veterans benefits (line 8e). If less than zero, enter $0. | $    0.00 | $    347.81 |
| 8g | Remaining reduction to apply to cash medical support<br>Enter the amount of Social Security or veterans benefits in excess of cash child support (line 8e minus line 8d). If less than zero, enter $0. | $    0.00 | $    0.00 |
| 8h | Cash medical support after Social Security or veterans benefits<br>From cash medical support (line 5b), subtract remaining reduction for Social Security or veterans benefits (line 8g). If less than zero, enter $0. | $    0.00 | $    0.00 |

## 9. FINAL SUPPORT AMOUNTS AND MEDICAL SUPPORT PROVISIONS

|    |    | Brittney | Matthew |
|----|----|----|----|
| 9a | Cash child support for minor children<br>If the parent should pay support for minor children (line 7c), divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $    0.00 | $    348.00 |
| 9b | Cash medical support for minor children<br>If the parent should pay support for minor children (line 7c), divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of minor children (line 1d). Round to the nearest dollar. Otherwise, enter $0. | $    0.00 | $    0.00 |
| 9c | Cash child support for Children Attending School<br>Divide cash child support after Social Security or veterans benefits (line 8f) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8f. Round to the nearest dollar. | $    0.00 | $    0.00 |
| 9d | Cash medical support for Children Attending School<br>Divide the cash medical support amount after reductions (line 8h) by the number of joint children (lines 1d + 1e) and multiply by the number of Children Attending School (line 1e). Round to the nearest dollar. But, if the parent should not pay support for minor children (line 7c), enter the full amount from line 8h. Round to the nearest dollar. | $    0.00 | $    0.00 |

| 9e | Total child support<br>Add all cash child support and cash medical support (lines 9a-9d). | $       0.00 | $       348.00 |
|----|----|----|----|
| 9f | Private health care coverage<br>Who should be ordered to provide health care coverage?  Enter the selection from line 4f. |  | Matthew |
| 9g | Reasonable cost for health care coverage<br>Enter the "total" reasonable in cost amount from line 4c.<br>But, if health care coverage will be ordered at a higher amount (line 4e) enter *the greater of* 1) the line 4c total, or 2) the line 4f total. |  | $       536.00 |

## 10. AGREED SUPPORT AMOUNT (optional)

Only complete this section if the parties agree to a change in the support amount.
The parents may increase or decrease the support amount by up to 15%.

|     |                                                                                                                                                                   | *Brittney* | *Matthew* |
|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------|------------|-----------|
| 10a | Maximum permitted change<br>Multiply each parent's total adjusted child support (line 9e) by 0.15.                                                                 | $    0.00  | $   52.20 |
| 10b | Amount of agreed change to child support obligation (+/-)                                                                                                          | $          | $         |
| 10c | Actual percentage change<br>Divide the amount of agreed change (line 10b) by total child support (line 9e).                                                        |            |           |
| 10d | Agreed cash child support obligation for minor children<br>Increase or decrease line 9a by the actual percentage change (line 10c). Round to the nearest dollar.  | $          | $         |
| 10e | Agreed cash medical support obligation for minor children<br>Increase or decrease line 9b by the actual percentage change (line 10c). Round to the nearest dollar. | $          | $         |
| 10f | Agreed cash child support obligation for Children Attending School<br>Increase or decrease line 9c by the actual percentage change (line 10c). Round to the nearest dollar. | $          | $         |
| 10g | Agreed cash medical support obligation for Children Attending School<br>Increase or decrease line 9d by the actual percentage change (line 10c). Round to the nearest dollar. | $          | $         |
| 10h | Total agreed child support<br>Add all agreed cash child support and cash medical support (lines 10d-10g). | $          | $         |

## PARENTING TIME WORKSHEET
## OAR 137-050-0730

**Use this worksheet to help determine the average parenting time overnights when calculating child support for more than one child and there are different parenting time amounts for each child.**

**Enter the number of parenting time overnights (based on a two-year average) each party has with each child.** A party can be a parent, a caretaker, or the state if the child is in state care.

For help calculating parenting time under a parenting plan, see the Parenting Plan Calculator at
oregonchildsupport.gov/calculator/parenting_time

**Include a Child Attending School age 18, living with a parent, and attending high school. Do not include any other Child Attending School.**

| Children's names | Overnights | | |
|---|---|---|---|
| | Brittney | Matthew | |
| Makayla | 205 | 160 | 0 |
| Preston | 205 | 160 | 0 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| a | Total the number of overnights for each party | 410 | 320 | |
| b | Enter the total number of minor children | 2 | | |
| c | Divide the total number of overnights for each party (line a) by the total number of children (line b). This is the party's average parenting time overnights for the minor children. | 205 | 160 | |

# CHILD SUPPORT CALCULATION SUMMARY
oregonchildsupport.gov

> This calculation summary is not an order. It is a summary of the type and amount of support
> that could be ordered based on this calculation. An individual's actual obligation can only be
> established by court or administrative order in accordance with the laws of Oregon.
> For the actual terms of the judgment, see the judgment and money award.

The monthly guideline support amount for **Brittney** is:

| | |
|---|---|
| Support for the minor children | $ 0.00 |
| Support for the children attending school | $ 0.00 |
| Cash medical support | $ 0.00 |
| Private health care coverage for the children not to exceed N/A | |

**The total monthly guideline support amount is:**    $ 0.00

The monthly guideline support amount for **Matthew** is:

| | |
|---|---|
| Support for the minor children | $ 348.00 |
| Support for the children attending school | $ 0.00 |
| Cash medical support | $ 0.00 |
| Private health care coverage for the children not to exceed $ 536.00 | |

**The total monthly guideline support amount is:**    $ 348.00